**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No.  2:15-cr-146 |
| | ) | |
| v. | ) | |
| | ) | |
| MONROE BLANKS, III, | ) | |
| | ) | |

---

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MONROE BLANKS, III, | ) | No.  2:25-cv-623 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

Robert J. Colville, United States District Judge

Before the Court are the following motions filed by Defendant/Petitioner Monroe Blanks, III: (1) a Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 ("Amendment 821 Motion # 1") (ECF No. 70 at 2:15-cr-146); (2) a Motion to Vacate Sentence ("Motion to Vacate") (ECF No. 72 at 2:15-cr-146 and ECF No. 1 at 2:25-cv-623);[1] and (3) a Pro

---

[1] For ease of reference, and specifically because each of Mr. Blanks's motions at issue herein are filed at the criminal docket, the Court will only cite to the documents filed in Mr. Blanks's criminal case throughout the rest of this Memorandum Opinion.

1

Se Motion for Order Regarding Amendment 821 and Reduction in Status Points ("Amendment 821 Motion # 2") (ECF No. 81). The Government has filed Responses (ECF Nos. 78; 79; and 83) in opposition to the pending motions, and Mr. Blanks has filed Replies (ECF Nos. 80 and 84) in support of his motions. The Court considers the motions at issue to have been fully briefed and ripe for disposition.

## I. Background

On December 17, 2015, Mr. Blanks pled guilty to the one-count Indictment in this matter, which charged him with possession of a firearm and/or ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1), and further pled guilty to the one-count Information in the matter at case no. 2:15-263, which charged him with conspiracy to tamper with a witness in violation of 18 U.S.C. § 1512(k). Mr. Blanks pled guilty in each of his cases pursuant to a Rule 11(c)(1)(C) plea agreement. ECF No. 39 at ¶ 8. Pursuant to the plea agreement, Mr. Blanks stipulated that an appropriate sentence would include, inter alia, a term of imprisonment of 188 months in each case, to be served concurrently, with concurrent five-year terms of supervised release to follow. *Id*. On April 5, 2016, Judge Ambrose imposed the parties' agreed-upon sentence. ECF No. 53. Mr. Blanks did not file a direct appeal of his conviction in this matter or of the sentence imposed.

## II. Discussion

**A. Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 (ECF No. 70) & Pro Se Motion for Order Regarding Amendment 821 and Reduction in Status Points (ECF No. 81)**

By way of Amendment 821 Motion # 1 and Amendment 821 Motion # 2 (collectively, the "Amendment 821 Motions"), Mr. Blanks seeks materially similar relief on the same bases, and

these motions can be addressed in tandem for that reason.  Mr. Blanks seeks relief under 18 U.S.C. § 3582(c)(2), which provides that a Court may, after considering the Section 3553(a) factors, reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  In seeking relief, Mr. Blanks relies on the "status point" provision of Amendment 821, which was passed in November of 2023.  The United States District Court for the District of Nevada has aptly summarized the "status point" provision of Amendment 821, as follows:

> "Part A of Amendment 821 limits the overall criminal history impact of 'status points' . . . under § 4A1.1 (Criminal History Category)."  Specifically, regarding "status points," under U.S.S.G. § 4A1.1, a defendant who committed the instant offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status," previously received two additional criminal history points.
>
> Amendment 821 amends § 4A1.1 to: (1) eliminate such status points for any defendant who otherwise has six or fewer criminal history points; and (2) apply one point, instead of two, for defendants who otherwise present seven or more criminal history points.

*United States v. Nguyen*, No. 203CR00158KJDPAL, 2024 WL 1701903, at *1 (D. Nev. Apr. 18, 2024).

Quite simply, Mr. Blanks is not entitled to relief because his sentence was not based on a guideline range that was subsequently lowered by the Sentencing Commission due to the passage of Amendment 821, and he is thus not eligible for relief under the "status point" provision of Amendment 821.  Mr. Blanks's criminal history category of VI is unchanged by the application of Amendment 821 because his criminal convictions described in the Presentence Investigation Report result in a subtotal criminal history score of 13.  At sentencing, Mr. Blanks received two "status points" because he committed the offense of conviction while under a "criminal justice

3

sentence," and his total criminal history score at sentencing was, accordingly, 15. Under Amendment 821, he would receive one status point due to his 13 criminal history points, for a total score of 14 and a category of VI.[2] [3] The effect of Amendment 821 is to reduce Mr. Blanks's criminal history score from 15 to 14, but it, quite simply, has no effect on the Guideline range of 180 months to 210 months' imprisonment. Accordingly, Mr. Blanks is not entitled to relief under 18 U.S.C. § 3582(c)(2), and the Amendment 821 Motions will be denied.[4]

### B. Motion to Vacate Sentence (ECF No. 72)

Initially, Mr. Blanks relies on Fed. R. Civ. P. 60(b)(4) and Fed. R. Civ. P. 60(b)(6) in arguing that he is entitled to the relief he seeks by way of the Motion to Vacate. Following review of the Motion to Vacate when it was originally filed, the Court interpreted the motion as a petition brought under 28 U.S.C. § 2255, and the Court subsequently issued a *Miller* Notice and Order (ECF No. 74). Mr. Blanks responded to the Court's *Miller* Notice and Order and did not challenge the Court's interpretation, and instead responded that he would like the Motion to Vacate to be ruled on as filed.

By way of the Motion to Vacate, Mr. Blanks clearly seeks to invalidate his criminal conviction in this matter, and his avenue for such relief, if any, is a habeas petition under Section

---

[2] Mr. Blanks asserts in Amendment 821 Motion # 2 that his criminal history score should be reduced from 15 to 13. That is incorrect, and, in any event, irrelevant. Mr. Blanks's 13 criminal history points alone, i.e., before adding any additional points, would have resulted in a criminal history category of VI. Amendment 821 would have no impact on his Guideline range for a sentence of imprisonment.

[3] The Court hereby recognizes and acknowledges that retroactive application of Amendment 821 would result in a reduction of Mr. Blanks's total criminal history score from 15 to 14.

[4] In Amendment 821 Motion # 1, Mr. Blanks offers statements respecting his post-sentencing rehabilitation, specifically for the Court's consideration of the Section 3553(a) factors had Mr. Blanks been eligible for possible relief under 18 U.S.C. § 3582(c)(2). He is not, and the Section 3553(a) factors need not be considered. In the interest of completeness, the Court further notes that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason" that could warrant a sentence reduction under 18 U.S.C. § 3582(c)(1).

2255, not the Federal Rules of Civil Procedure.[5]  *See United States v. Schmutzler*, No. 1:CR-13-0065, 2017 WL 930455, at \*2 (M.D. Pa. Mar. 9, 2017) ("While Rule 60(b) has an 'unquestionably valid role to play in habeas cases,' a motion under Rule 60(b) will be treated as a 2255 motion if in substance it presents a claim for relief from the criminal judgment." (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005))).  A motion purportedly filed under Rule 60(b) will be interpreted as a Section 2255 motion "if the Rule 60(b) motion (1) presents a new claim for relief from the criminal judgment or (2) presents a claim that the court's resolution of a previous claim in section 2255 proceedings attacking the criminal judgment was erroneous." *Id*.  That is the case in the instant matter, and the Court will continue to construe the Motion to Vacate as a Section 2255 motion.

By way of the Motion to Vacate, Mr. Blanks asserts that his conviction in this matter is invalid following the United States Supreme Court's decision in *Rehaif v. United States*, 588 U.S. 225 (2019).  In response to the Motion to Vacate, the Government argues that the Motion, whether pursued under Rule 60(b) or Section 2255, should be denied or dismissed as untimely.  ECF No. 78 at 1.

A prisoner in federal custody may move to vacate his or her sentence under 28 U.S.C. § 2255 if such "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a).  As a collateral challenge, a motion under § 2255 is "reviewed much less favorably than a direct appeal of the sentence." *United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014).  Section 2255 relief "is available only when 'the claimed error of law was a fundamental defect which inherently results in a complete miscarriage of justice, and . . . present[s] exceptional circumstances where the need for the remedy afforded by the writ . . .  is apparent.'"

---

[5] The Court agrees with the Government that, in any event, the Motion to Vacate would be untimely under Rule 60(b).

*Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).  The Supreme Court has explained that "[h]abeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'"  *Bousley v. United States*, 523 U.S. 614, 621 (quoting *Reed v. Farley*, 512 U.S. 339, 354 (1994)).

A district court must order an evidentiary hearing in a federal habeas case if a defendant's § 2255 allegations raise an issue of material fact.  *United States v. Biberfeld*, 957 F.2d 98, 102 (3d Cir. 1992).  But, if there is "no legally cognizable claim or the factual matters raised by the motion may be susceptible of resolution through the district judge's review of the motion and records in the case," the motion may be decided without a hearing.  *United States v. Costanzo*, 625 F.2d 465, 470 (3d Cir. 1980); *see also United States v. Tolliver*, 800 F.3d 138, 140-41 (3d Cir. 2015).  If a hearing is not held, the district judge must accept the defendant's allegations as true "unless they are clearly frivolous on the basis of the existing record."  *Gov't of Virgin Islands v. Bradshaw*, 726 F.2d 115, 117 (3d Cir. 1984).  Similarly, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court."  *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000).

With respect to timeliness, Section 2255 explains as follows:

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The Court agrees with the Government that the Motion to Vacate is plainly untimely. The Motion to Vacate was filed more than nine years after Judge Ambrose imposed Mr. Blanks's sentence in this matter, and nearly six years after the Supreme Court issued its Opinion in *Rehaif*. Section 2255(f)(1) and (2) are clearly inapplicable in this matter. *Rehaif* was decided in June of 2019, and Mr. Blanks dated his Motion to Vacate "April 28, 2025," which means that it is dated nearly five years after the one-year limitations period expired under Section 2255(f)(3). Finally, as the Government correctly notes, "a defendant's discovery or awareness of a new legal theory does not constitute a fact for purposes of [the] exception [provided under Section 2255(f)(4)]." *United States v. Brolin*, No. CR 20-07, 2025 WL 509413, at *4 (W.D. Pa. Feb. 14, 2025). The Motion to Vacate is thus untimely under each of the four options provided by 28 U.S.C. § 2255(f).

To the extent that Mr. Blanks intends to rely on equitable tolling to save his untimely Motion to Vacate, the Motion to Vacate itself establishes that there is simply no basis for the application of tolling. A petitioner is entitled to equitable tolling on a motion under Section 2255 "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Fla.*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "Equitable tolling is not available where the late filing is due to a movant's excusable neglect." *Faines v. United States*, 808 F. Supp. 2d 708, 712 (D. Del. 2011).

It defies credulity to even entertain an assertion that Mr. Blanks was reasonably diligent in pursuing his rights where he waited more than four years after the running of the statute of

limitations to raise any issue associated with *Rehaif*.[6]  He further cannot establish that his former trial counsel's failure to file an emergency motion on his behalf after the Supreme Court's decision in *Rehaif* is an "extraordinary circumstance" that somehow prevented Mr. Blanks himself from filing a motion based on *Rehaif* in a timely manner.  Trial counsel's role in this matter concluded after the time for filing an appeal passed with no appeal being filed, i.e., about three years before the Supreme Court's decision in *Rehaif*.  Further, "[t]here is no absolute constitutional right to counsel in federal habeas corpus proceedings." *Austin v. Ferguson*, No. 17-CV-981, 2017 WL 11464315, at *1 (E.D. Pa. Nov. 14, 2017) (citing *Coleman v. Thompson*, 501 U.S. 722, 752 (1991)).  Accordingly, Mr. Blanks's failure to take any action is attributable only to Mr. Blanks himself, not an "extraordinary circumstance" that prevented him from taking action.  At best, this case involves, inarguably, inexcusable neglect.  Equitable tolling does not apply.

To the extent that Mr. Blanks asserts that he can establish "actual innocence" such that tolling of the statute of limitations is appropriate, the Court notes that "[a]ctual innocence means 'factual innocence, not mere legal insufficiency.'" *United States v. Plante*, No. 1:17-CR-00013-WAL-EAH, 2025 WL 4666040, at *7 (D.V.I. Sept. 9, 2025), *report and recommendation adopted*, No. 1:17-CR-0013, 2026 WL 837653 (D.V.I. Mar. 26, 2026) (quoting *Bousley v. United States*, 523 U.S. 614, 618 (1998)).  "According to *Rehaif*, to secure a conviction under 18 U.S.C. § 922, the Government must establish that a defendant both 'knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm.'" *United States v. Howard*, No. CR 13-135, 2021 WL 2401392, at *3 (W.D. Pa. June 11, 2021) (quoting

---

[6] His Reply seemingly indicates that he became aware of the *Rehaif* decision while incarcerated, though it is unclear exactly when, but failed to act within the requisite timeframe because he was unaware of the deadline established by the law for the filing of a Section 2255 motion.  While the Court understands that Mr. Blanks is not trained in the law, "[i]gnorance of the law does not justify equitable tolling of a statute of limitations." *Fadayiro v. United States*, 30 F. Supp. 2d 772, 781 (D.N.J. 1998).

*Rehaif*, 588 U.S. at 227)).  To satisfy the second element for a § 922(g)(1) offense, the Government must prove that the defendant knew, at the time that he possessed the firearm, that he had a prior felony conviction, i.e., not that his status as a felon precluded him from firearm possession.  *See id.*; *see also United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019) ("*Rehaif* did not graft onto § 922(g) an ignorance-of-the-law defense by which every defendant could escape conviction if he was unaware of this provision of the United States Code.").

Mr. Blanks's Motion to Vacate fails because, while Mr. Blanks initially cites *Rehaif* for its proper holding, he immediately thereafter argues that he should have been instructed at the change of plea hearing that the Government was required to prove that he knowingly possessed a firearm and "that *he knew it was illegal*."  ECF No. 72 at 3 (emphasis added).  This is exactly the type of "ignorance-of-the-law" argument that district and appellate courts around the country have roundly rejected following the Supreme Court's decision in *Rehaif*.

Mr. Blanks has not asserted or claimed that he was somehow unaware of the existence of his four prior predicate felony convictions at the time he possessed the firearm and ammunition at issue in this case.  The Indictment (ECF No. 4) and Presentence Investigation Report (ECF No. 38) plainly lay out the predicate convictions, each of which occurred within nine years of the offense conduct at issue in this matter and the most recent of which occurred within less than three years of the conduct that resulted in Mr. Blanks's conviction herein.  In entering a guilty plea, Mr. Blanks stipulated to being a convicted felon.[7]  It again defies credulity that Mr. Blanks could establish actual innocence relying on *Rehaif*, as he advances no argument or claim that could support the same, and rather just relies on conclusory assertions of his "actual" and "factual" innocence.  Mr. Blanks's Motion to Vacate is time-barred, and any argument he advances to the

---

[7] He, obviously, also stipulated to possessing a firearm and ammunition.

contrary is frivolous and meritless.  The Motion to Vacate turns exclusively on an issue of law, and no evidentiary hearing is warranted.  The Motion to Vacate will be denied.

## III.    Conclusion

For the reasons discussed above, the Court will deny each of the motions at issue herein. An appropriate Order of Court follows.  The Court finds that, because jurists of reason would not find it debatable whether Mr. Blanks's motions should be denied, Mr. Blanks is not entitled to the issuance of a certificate of appealability.  The denial of a certificate of appealability does not prevent Mr. Blanks from appealing the order denying his petition so long as he seeks, and obtains, a certificate of appealability, from the Court of Appeals.

BY THE COURT:

*/s/Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: May 7, 2026

cc:    All counsel of record

Monroe Blanks, III
35776-068
Fort Dix
Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ 08640